UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAYMOND J. BERGERON DAVILA,

                Plaintiff,

v.                                                   Case No. 24-cv-720-pp

LT. MARCUS KING, *et al.*,

                Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 24) AND DISMISSING CASE WITHOUT PREJUDICE**

---

      Plaintiff Raymond J. Bergeron-Davila, who previously was incarcerated at Green Bay Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that the defendants failed to prevent him from harming himself. On August 18, 2025, the defendants filed a motion for summary judgment on exhaustion grounds. Dkt. No. 24. The day after the defendants filed their motion, the court ordered that the plaintiff's response was due on September 17, 2025, and that if, by that date, the court did not receive his response or an explanation for why he could not timely file a response, the court would resolve the defendants' motion without considering a response from the plaintiff. Dkt. No. 29. The

1

court has not received the plaintiff's response.[1] This order grants the defendants' motion for summary judgment on exhaustion grounds and dismisses the case without prejudice.

## I. Defendant's Motion for Summary Judgment, Dkt. No. 24

### A. Facts

The court allowed the plaintiff to proceed on Eighth Amendment claims against the defendants. Dkt. No. 26 at ¶1. The plaintiff claims that on April 22, 2024, the defendants walked off when he was cutting himself in his cell with eyeglasses. Id. The plaintiff did not file any grievances under the Inmate Complaint Review System concerning his claim. Id. at ¶¶2-3.

### B. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477

---

[1] When the plaintiff filed his complaint in June 2024, he was at Green Bay Correctional Institution. The Wisconsin Department of Corrections locator web site shows that on June 17, 2025—before the defendants filed their motion for summary judgment—the defendant was released to extended supervision. Appsdoc.wi.gov/lop/details/detail (for "Bergeron-Davila, Raymond J., DOC #00410606). The plaintiff has not notified the court of his post-release address. The court obtained an address from his state probation officer and mailed the order setting a response deadline to that address. It has not been returned as undeliverable.

U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

C. Discussion

The defendants contend that the plaintiff failed to exhaust his administrative remedies because he did not submit any grievances regarding the defendants' alleged deliberate indifference on April 22, 2024. Dkt. No. 25 at 7.

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and

3

deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

The "Inmate Complaint Review System" (ICRS) within the Wisconsin prisons is the administrative remedy available to individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated person may commence a civil action, he must exhaust all administrative remedies the Department of Corrections (DOC) "has promulgated by rule." Wis. Admin. Code §DOC 310.05. The ICRS is available for individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority decision to the corrections complaint examiner (CCE). Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the secretary of the DOC. Wis. Admin. Code §DOC 310.12(9). The secretary affirms or dismisses the CCE's recommendation, or

returns the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

The undisputed facts establish that the plaintiff did not file a grievance regarding his claims against the defendants, which means that he did not exhaust his administrative remedies. The court will grant the defendants' motion for summary judgment on exhaustion grounds and dismiss the case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

## II. Conclusion

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 24.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If

the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**